IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| OSCAR EDGARDO VELASQUEZ, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
|         v. ) | 1:14cv1688 (JCC/MSN) |
| ) | |
| MARIA TERESA FUNES DE ) | |
| VELASQUEZ, ) | |
| ) | |
|     Respondent. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Oscar Edgardo Velasquez's Motion to Alter or Amend Judgment. [Dkt. 45.] After hearing argument of counsel, the Court denied the motion in open court. This opinion memorializes the findings of the Court.

**I. Background**

Petitioner Oscar Velasquez ("Oscar") initiated this action on December 11, 2014 by filing a Verified Complaint and Petition for Return of the Children pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601, et seq. (Compl. [Dkt. 1].) In short, Oscar alleged that he traveled with his wife, Respondent Maria Teresa Funes De Velasquez ("Maria"), and

1

their two minor daughters from El Salvador to the United States in November of 2013.  After visiting family in Maryland and Virginia for a couple of months, Oscar returned, by himself, to El Salvador for a brief period of time.  Oscar returned to the United States on February 20, 2014 and claimed that as of February 27, 2014, Maria had wrongfully retained their two minor daughters, ages five and seven, in the United States and refused to return them to El Salvador.  (Id.)

On March 10 and 11, 2015, the Court held a bench trial, received evidence, and heard argument of counsel.  On April 8, 2015, pursuant to Rule 52 of the Federal Rules of Civil Procedure, the Court issued findings of fact and conclusions of law.  (Mem. Op. [Dkt. 42].)  Ultimately, the Court denied and dismissed Oscar's petition and directed the Clerk of Court to enter judgment in Maria's favor.  (Order [Dkt. 43]; Judgment [Dkt. 44].)

On May 6, 2015, twenty-eight days after the Court issued its final order, Oscar filed the motion now before the Court, wherein he asks the Court to vacate its original judgment and grant the Petition for Return of the Children.  (Pet'r's Mot. to Alter or Amend [Dkt. 45]; Pet'r's Mem. in Supp. of Mot. [Dkt. 46].)  Maria filed an opposition to Oscar's motion (Resp't's Opp'n [Dkt. 49]), to which Oscar filed a reply (Pet'r's Reply [Dkt. 50]).

**II. Legal Standard**

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (citation and internal quotation marks omitted). These circumstances "rarely arise and the motion to reconsider should be equally rare." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). Moreover, motions for reconsideration may not "reargue the facts and law originally argued in the parties' briefs." Projects Mgmt. Co. v. DynCorp Int'l, LLC, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) (quoting United States v. Smithfield Foods, Inc., 969 F. Supp. 975, 977 (E.D. Va. 1997)) (citing Pacific Ins. Co. v. Am. Nat'l Fire. Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) ("The Rule 59(e) motion may not be used to relitigate old matters.")). Stated differently, it is inappropriate for the court to "reevaluate the basis upon which it made a prior ruling," especially if it appears the motion "merely seeks to reargue a previous claim." DynCorp Int'l, LLC, 17 F. Supp. 3d at 541 (quoting Smithfield Foods, 969 F. Supp. at 997). Indeed, such a request necessarily requires an "extraordinary remedy which should be used sparingly." DynCorp

3

Int'l, LLC, 17 F. Supp. 3d at 541 (quoting Pacific Ins. Co., 148 F.3d at 403).

### III. Analysis

In its prior ruling, after hearing and weighing the evidence, and after evaluating the credibility of witness testimony during the bench trial, the Court found: (1) Oscar failed to meet his burden of proving by a preponderance of the evidence that Maria's retention of the daughters in the United States was wrongful pursuant to 22 U.S.C. § 9003(e)(1)(A), because the daughters were habitually resident in the United States immediately prior to their retention and had acclimatized to the United States (Mem. Op. at 23-34); and (2) alternatively, even if the daughters' habitual residence was El Salvador immediately prior to their retention, there was a grave risk that returning the daughters to El Salvador would expose them to physical or psychological harm, or otherwise place them in an intolerable situation. (Id. at 34-37.) Accordingly, the Court denied and dismissed Oscar's Petition. (Order at 1.)

In his motion now before the Court, Oscar briefly raises "new evidence" that was not before the Court at the time of trial, namely that on April 7, 2015, one day before the Court dismissed Oscar's petition, Oscar and Maria were granted a divorce under the laws of El Salvador, and Oscar was granted provisional personal care and legal representation of the two

4

minor daughters, while Maria was granted visitation rights. (Pet'r's Mem. at 1-2.) Otherwise, Oscar re-argues issues regarding his prima facie case of wrongful retention and Maria's affirmative defense of grave risk of harm. (Id. at 2-18.) On both fronts, the Court denied the motion.

### A. Newly Discovered Evidence

Rule 59(e) relief may be appropriate "to account for new evidence not available at trial." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). The party setting forth new evidence must produce a "legitimate justification for not presenting" the evidence during trial. RGI, Inc. v. Unified Indus., Inc., 963 F.2d 658, 662 (4th Cir. 1992). Notably, however, the newly discovered evidence must have existed at the time of trial. See Alicea v. Machete Music, 744 F.3d 773, 781 (1st Cir. 2014) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2808) ("Newly discovered evidence must be of facts existing at the time of trial. The moving party must have been excusably ignorant of the facts despite using due diligence to learn about them.")).

Here, Oscar contends that the Court should reconsider its prior holding because on April 7, 2015, one day before judgment was entered, the parties were granted a divorce under the laws of El Salvador, and Oscar was granted provisional personal care and legal representation of the minor daughters,

5

while Maria was granted visitation.  (Pet'r's Mem. at 1-2.) However, in short, this does not qualify as "new evidence" under Rule 59(e), because it is undisputed that this evidence did not exist at the time of trial, when all evidence was presented. See Machete Music, 744 F.3d at 781; see also Pet'r's Reply at 1 ("The holding by the court in El Salvador was not available at the time of the trial. . . ."). Instead, it remains true that as of March 10 and 11, 2015--the dates the Court held the bench trial in this matter--the parties had only initiated divorce proceedings both in El Salvador and the United States without any final disposition.  (See Mem. Op. at 22-23 ("Maria recently filed for divorce in Prince William County, and Oscar recently filed for divorce in El Salvador.").)  Accordingly, because Oscar fails to raise any "new evidence," the Court denied the motion on this basis.

### B. Clear Error of Law or Manifest Injustice

Oscar also asks the Court to reconsider the April 8, 2015 Order denying and dismissing the petition, and its holding with regard to the prima facie case of wrongful retention and the affirmative defense of grave risk of harm.  (Pet'r's Mem. at 2-18.)  Oscar correctly identifies the proper standard of review under Rule 59(e) of the Federal Rules of Civil Procedure; mainly, that the Court's ruling in this regard can only be amended "to correct a clear error of law or prevent manifest

6

injustice." (Id. at 1 (citing Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (additional citations omitted)).) What Oscar failed to recognize, however, is that to prevail on this motion, he must do more than "reargue the facts and law originally argued in the parties' briefs [and at trial]." DynCorp Int'l, LLC, 17 F. Supp. 3d at 541 (quoting United States v. Smithfield Foods, Inc., 969 F. Supp. 975, 977 (E.D. Va. 1997)) (citing Pacific Ins. Co. v. Am. Nat'l Fire. Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) ("The Rule 59(e) motion may not be used to relitigate old matters.")). This matter was fully briefed prior to trial and well-litigated during the two-day bench trial where both parties had a full and fair opportunity to present all necessary evidence and argument. The Court fully considered all evidence and argument presented in this indisputably difficult and emotional case.

While Oscar's dissatisfaction with the Court's ruling is understandable, such dissatisfaction alone is not an adequate basis for reconsideration. It is clear that Oscar does not agree with the factual findings of this Court and its application of relevant legal authority. (See, e.g., Pet'r's Mem. at 4 ("This Court incorrectly held that the Petitioner agreed for the children to stay in the United States for an indefinite period of time.").) However, Oscar relies on the same cases the Court relied on in making its ruling, but

7

disagrees with the Court's application. (Compare Pet'r's Mem. at 2-8, with Mem. Op. at 23-37 (both citing Maxwell v. Maxwell, 588 F.3d 245 (4th Cir. 2009); Miller v. Miller, 240 F.3d 392 (4th Cir. 2001); Papakosmas v. Papakosmas, 483 F.3d 617 (9th Cir. 2007); Mozes v. Mozes, 239 F.3d 1067 (9th Cir. 2001); Friedrich I, 983 F.2d 1396 (6th Cir. 1993); Friedrich II, 78 F.3d 1060 (6th Cir. 1996)).)

Ultimately, the Court finds that Oscar simply reargues the facts and law originally cited by the Court in its Memorandum Opinion, which would necessarily require the Court to "reevaluate the basis upon which it made a prior ruling." DynCorp Int'l, LLC, 17 F. Supp. 3d at 541 (quoting Smithfield Foods, 969 F. Supp. at 997). This is not an appropriate basis for relief under Rule 59(e). More importantly, Oscar fails to identify any clear error of law or manifest injustice. Accordingly, the Court denied the motion.

### IV. Conclusion

For these reasons, the Court denied Oscar's motion to alter or amend the judgment. An appropriate Order shall issue.

/s/
June 3, 2015               James C. Cacheris
Alexandria, Virginia    UNITED STATES DISTRICT COURT JUDGE

8